# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No. 14-10046-MLB |
| ) | |
| SILVIA CLEMENTE-ROJO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case comes before the court on the government's motion (Doc. 21) seeking revocation of the release order entered by Magistrate Kenneth Gale (Doc. 18). The motion has been fully briefed and is ripe for decision. (Docs. 23, 24). The government's motion is denied for the reasons herein.

**I.   Facts and Procedural History**

Defendant, a citizen of Mexico, is 41 years old and has lived in Garden City, Kansas for 22 years. Defendant has three children, ages 24, 22 and 7. Defendant's parents and siblings all reside in Dodge City. Defendant works at her daughter's bakery which is run out of her home.

In August 1998, defendant attempted to enter the United States without authorization. Defendant told the immigration officer that she was a United States citizen. When immigration officials asked for documentation, defendant recanted her claim. Defendant was ordered removed from the United States and she was deported to Mexico. At some point in time, presumably shortly thereafter, defendant entered the United States without inspection. In 2002, defendant

applied for employment authorization and resident status with the Department of Immigration. (Exh. 5, 7). Defendant's applications were denied on the basis that defendant was not a member of a certain class under the LIFE Act. (Exh. 6). Defendants' counsel, James S. Phillips Jr, was later convicted in this court (Case No. 06-10001) and disbarred.

On September 11, 2013, defendant applied for a driver's license in Liberal. Defendant provided an old driver's license and a social security card for identification. The social security number listed on the card was not assigned to defendant but belonged to a citizen who lived in Olathe, Kansas. In an interview with a Kansas Department of Revenue agent, defendant admitted that she purchased the social security card from an unidentified individual in Garden City for $200.

On March 18, defendant was arrested on a criminal complaint alleging a violation of 8 U.S.C. § 1326(a), illegal reentry. (Doc. 1). On March 19, the Department of Homeland Security Immigration and Customs Enforcement (ICE) issued an immigration detainer to the Marshals. The detainer stated that ICE had obtained an order for defendant's deportation. On April 1, 2014, the grand jury returned a 15-count indictment charging defendant with illegal reentry, false statements to the government, misuse of a social security number and aggravated identity theft. On April 2, Magistrate Gale denied the government's motion for detention finding that there are conditions that may assure defendant's presence for future proceedings. Magistrate Gale required both defendant's daughter and sister co-sign a $50,000 appearance bond. The bond was signed by all parties on

April 2.[1]

On April 7, the court held a hearing on the government's motion. Defendant declined to testify at the hearing. The court listened to oral argument and took the matter under advisement.

**II. Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), the government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. United States v. Cisneros, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm,

---

[1] The government postulates that it is "untoward" for the daughter to co-sign the bond and suggests that the daughter may have violated 8 U.S.C. § 1324(a)(1)(A)(iii) and (iv). (Doc. 26). This suggestion might be appropriate if defendant was a dangerous criminal but under the circumstances of this case, the suggestion is both unpersuasive and inappropriate.

>           explosive, or destructive device;
>
>           (2) the weight of the evidence against the person;
>
>           (3) the history and characteristics of the person, including-
>
>                (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>                (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>           (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The government has the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002)(burden of persuasion regarding risk of flight and danger to community always remains with government). The only factor in this case is risk of flight.

**III. Analysis**

**A. Nature And Circumstances Of The Offense**

Defendant is charged with remaining in the United States unlawfully and using fraudulent documents for employment. These charges can carry substantial potential penalties, including a 2-year mandatory sentence for counts charging violations of 18 U.S.C. § 1028A(a)(1). The indictment does not allege any violent crimes. This

-4-

favors release.

**B. Weight Of The Evidence**

During the hearing, the government proffered evidence of defendant's prior deportation, false documents, and false statements made on employment authorization forms.

This factor therefore favors detention.

**C. History And Characteristics Of Defendant**

Defendant has lived in Garden City for 22 years. Defendant's siblings, parents and children live in Garden City. Defendant has a seven year old child that attends school in Garden City and defendant is active in the school. Community members have submitted letters on defendant's behalf exhibiting defendant's involvement in the community.

Defendant is a deportable alien and ICE has lodged a detainer with the Marshals. The government contends that the detainer and defendant's use of false documents for employment purposes support its position that she is a flight risk. While a defendant's status as a deportable alien alone does not mandate detention, it is a factor which is to be weighed in the risk of flight analysis. United States v. Salas-Urenas, No. 11-3182, 2011 WL 2836248, *2 (10th Cir. July 19, 2011); United States v. Morales, No. 11-20132, 2012 WL 603520, *2 (D. Kan. Feb. 24, 2012). As pointed out by defendant, ICE is an agency within the Department of Justice. And, as pointed out by government counsel, ICE will do what DOJ (through the AUSA) tells it to do. The presence of the detainer cannot be the sole basis for detaining defendant. The court must determine that defendant herself is a flight risk and not that the government, which has chosen to charge

defendant, will later deport her. See United States v. Barrera-Omana, 638 F. Supp.2d 1108, 1111 (D. Minn. 2009)("The risk of nonappearance . . . has to involve an element of volition . . . if the government - through ICE or any other authority - prevents defendant's appearance, [she] has not failed to appear").

While recognizing that there is some risk of flight by defendant due to the ICE detainer, the court finds this risk is outweighed by defendant's established family ties to the community, the ages of her children, the length of time she has lived in the community, the nature of the charges, and her lack of a criminal record. The court determines that there are conditions of release that will reasonably assure defendant's presence at trial. The possibility that defendant could obtain fraudulent documents to establish a new identity, does not outweigh the totality of all other considerations in determining whether defendant is a flight risk.

This factor therefore weighs in favor of pretrial release.[2]

**IV. Conclusion**

---

[2] The court recognizes that it has no authority to order ICE not to take defendant into custody pursuant to its detainer. Even if the court has the authority, it would not exercise it any more than it would order the U.S. Attorney not to pursue criminal charges against someone. For this reason, defendant's release on bond shall be stayed for 48 hours so that ICE may decide what to do. All parties seem to understand that if ICE does take defendant into custody, her deportation is inevitable because this court has no authority to stop it. However, if ICE does execute the detainer, this court will immediately dismiss the indictment, with prejudice. In other words, the executive branch must make an election: prosecution or release to the detainer. This election is recognized in Barrera-Omana, supra; United States v. Trujillo-Alvarez, 900 F. Supp.2d 1167 (D. Or. 2012) and United States v. Blas, 2013 WL 5317228 (S.D. Ala. 2013). There is nothing unreasonable about requiring the government to make the election and, at least under the circumstances here, it makes both practical and economic sense.

Having considered all relevant pleadings, the cases cited by the parties and the statements of counsel during the hearing, the court finds that the government has not met its burden to show that no set of conditions of release will assure defendant's pretrial presence and protect the community and other persons from danger.

Therefore, the government's motion is denied. (Doc. 21).

IT IS SO ORDERED.

Dated this __10th__ day of April 2014, at Wichita, Kansas.

s/ Monti Belot  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE